J. Minos Simon, Simon & Trice, Lafayette, La., for appellant.

R. Gordon Kean, Jr., Baton Rouge, James R. St. Dizier, Lake Charles, La., Sanders, Miller, Downing, Rubin & Kean, Baton Rouge, La., Plauche & Stockwell, Lake Charles, La., for Brown & Root, Inc., appellee.

Before HUTCHESON, GEWIN and BELL, Circuit Judges.

**Howard P. LaBAUVE, Appellant,**

v.

**BROWN & ROOT, INC., Appellee.**

No. 20192.

United States Court of Appeals
Fifth Circuit.

July 3, 1963.

PER CURIAM.

The district judge, upon the application of the plaintiff below, appellee here, granted a temporary restraining order, after a hearing and upon findings [1] that defendant, appellant here, was acting in violation of his fiduciary relationship with plaintiff and using information acquired by him from plaintiff in such capacity. The order specifically restrains the defendant from continuing such actions until the further order of the court.

Defendant has appealed, attacking the order on many grounds, the principal one of which is that under the statutory law of Louisiana,[2] appellant had the right to do what he did because he did nothing

---

1. Brown & Root, Inc. v. LaBauve.

2. Louisiana Act 133 of 1934 (LSA–R.S. 23:921).

more than, after quitting his employment, to take employment with another. In making this contention, appellant completely ignores the findings and conclusions of the district judge that the defendant breached his obligation as an agent by taking action contrary to his fiduciary obligations.

 It is quite clear that the findings on which the order was based are not clearly erroneous and that the order should be affirmed, especially since, in respect of a preliminary order of this kind, the issue is whether, on a balancing of conveniences, the court abused its discretion. The appellant makes a vigorous attack on the findings and conclusions as insufficient to support the order, but the trail of the serpent is over all of his actions, and the order must be affirmed on the grounds and upon the considerations stated by the district judge.